IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


JOSE LUIS ORTIZ, #15148-078      §


VS.      §      CIVIL ACTION NO. 4:10cv467
     CRIMINAL ACTION NO. 4:07cr246(1)


UNITED STATES OF AMERICA      §

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

     Movant Jose Luis Ortiz filed the above-styled and numbered *pro se* motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. The cause of action was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

Background

     On May 27, 2008, Movant pleaded guilty pursuant to a written plea agreement to two charges – conspiracy to possess with intent to distribute (1) cocaine and (2) marijuana, in violation of 21 U.S.C. § 846. On September 22, 2008, Movant was sentenced to 360 months of imprisonment. He filed a notice of appeal, but the Fifth Circuit Court of Appeal dismissed his appeal as frivolous on August 18, 2009. *United States v. Ortiz*, 331 Fed. Appx. 335 (5th Cir. 2009). The Fifth Circuit stated that, based on its independent review of the record, counsel's brief, and Movant's brief, it found no nonfrivolous issues for appeal.

1

In Movant's § 2255 motion, he argues that he is entitled to relief because his plea was unknowing and involuntary based on his trial counsel "allowing" him to plead guilty to an illegal sentence. He also claims he is entitled to relief because his counsel was ineffective for not protecting his rights on appeal. The Government filed a Response, urging that Movant's claims are barred by his plea agreement. Movant did not file a Reply.

Discussion and Analysis

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction. The range of claims that may be raised in a § 2255 proceeding is narrow. A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other." *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992). A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

Movant signed a plea agreement containing the following waiver provision:

> Except as otherwise provided herein, Defendant expressly waives the right to appeal his conviction and sentence on all grounds. Defendant further agrees not to contest his sentence in any post-conviction proceeding, including, but not limited to, a proceeding under 28 U.S.C. § 2255. Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of the waiver itself.

The Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief in

*United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995), the Fifth Circuit held that a waiver may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary. In *United States v. White*, 307 F.3d 336 (5th Cir. 2002), the Fifth Circuit held that an ineffective assistance of counsel claim raised in a § 2255 proceeding survives a waiver only when the claimed assistance directly affected the validity of that waiver or the plea itself. More recently, the Fifth Circuit noted that it has upheld § 2255 waivers except for when there is an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

### Voluntariness of Plea Agreement and Ineffective Assistance of Counsel

In the present case, Movant asserts that his plea agreement and appeal waiver were unknowing and involuntary made based on ineffective assistance of counsel. Specifically, he contends the plea was unknowing and involuntary because counsel "allowed" him to plead guilty to an illegal sentence. Accordingly, an examination into the voluntariness of Movant's plea is in order.

The duty of defense counsel to a defendant who desires to enter a plea of guilty is to ascertain that the plea is voluntarily and knowingly made. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984). The two-prong test *Strickland* test applies to cases involving guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed.2d 203 (1985). A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of

guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995).  Thus, if a movant understands the nature

of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty,

the plea must be upheld on federal review.  *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983).

 Additionally, the Fifth Circuit has held that miscalculating a client's sentencing exposure does not

amount to deficient performance required by the *Strickland* standard.  *United States v. Herrera*, 412

F.3d 577, 580-81 (5th Cir. 2005); *Teague v. Scott*, 60 F.3d 1167, 1171 (5th Cir. 1995).

     Movant signed a plea agreement on May 27, 2008, which states:

> I have read (or had read to me) this Plea Agreement and have
> carefully reviewed every part of it with my attorney.  I fully
> understand it and voluntarily agree to it.

The plea agreement also states:

> Defendant has thoroughly reviewed all legal and factual aspects of
> this case with his lawyer and is fully satisfied with that lawyer's legal
> representation.  Defendant has received satisfactory explanations
> from his lawyer concerning each paragraph of this plea agreement,
> each of his rights affected thereby, and the alternatives to entering a
> guilty plea.  After conferring with counsel, Defendant concedes guilt
> and has concluded that it is in his best interest to enter this agreement
> rather than proceeding to trial.

Additionally, Movant stated in his plea agreement that the "plea of guilty is freely and voluntarily

made and is not the result of force, threats, or promises other than those set forth in this plea

agreement."  Finally, the plea agreement stated the following concerning the entirety of the

agreement:

> Defendant, Defendant's attorney, and the United States Attorney for
> the Eastern District of Texas acknowledge that this is a complete

> statement of the parties' agreement in this case. It supersedes all
> other plea agreements and may not be modified unless the
> modification is in writing and signed by all parties. No other
> promises have been made or implied.

Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is contradicted by his signed plea agreement.

At the plea hearing conducted by United States Magistrate Judge Don D. Bush, held on May 27, 2008, Movant affirmed that he had read his indictment and guilty plea agreement, understood them, and wished to continue in his plea of guilty. He affirmed that he was not taking medication that might interfere with his ability to plead guilty. The Court reviewed Movant's rights with him – the right to a speedy trial, to confront and cross-examine witnesses, to present a defense, to have witnesses testify on his behalf, and to have effective assistance of counsel. Movant understood the rights and further affirmed that he was completely satisfied with his legal representation.

The Court reviewed the elements of the offenses, which Movant understood. It then went over the minimum and maximum penalties Movant was facing, including restitution, which Movant understood. The Court further explained the rights Movant was giving up by pleading guilty to a felony. The Court went over forfeiture provisions and Movant's right to appeal. It also informed Movant that, in all likelihood, he will be deported after he has served his sentence as Movant stated that he was not an American citizen or a lawful permanent resident.

The Court also reviewed the plea agreement with Movant, and he stated that he understood all the terms of the plea agreement and the rights he was waiving. Movant stated that the agreement had been translated into Spanish for him and that he understood it fully. He also said that there had been no other promises made to him or threats against him leading him to plead guilty. He said that

he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged.

Movant also stated that nobody had forced him or threatened him or made promises to him to coerce

him into pleading guilty. Formal declarations in open court carry with them a strong presumption

of truth. *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977).

Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to

later contrary contentions, it places a heavy burden upon him. *Diaz*, 733 F.2d at 373-74. The Fifth

Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way

to force him to plead guilty carries a strong presumption of verity. *United States v. Abreo*, 30 F.3d

29, 31 (5th Cir. 1994). In cases where the record establishes that the defendant understood the nature

of the charge against him and the direct consequences of his act, the rudimentary demands of a fair

proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561

(5th Cir. 1980).

The Court reviewed, in detail, the rights that Movant was waiving by pleading guilty.

Movant confirmed that it his signature appearing on the statement of facts, that he read it, and the

facts stated therein are true and correct. It found that Movant, after consultation with counsel,

knowingly and voluntarily pleaded guilty to the charges. It also found that Movant was fully

competent and capable of entering an informed plea, that he was aware of the nature of the charges

and the consequences of the plea, and that his guilty plea is a knowing and voluntary plea supported

by an independent basis in fact containing each of the essential elements of the offenses.

Consequently, Movant's conclusory allegation in his motion that his plea was not knowingly or

voluntarily made is contradicted by his plea hearing.

On May 27, 2008, Movant signed "Consent to Administration of Guilty Plea and Fed. R.

Crim. P. 11 Allocution by United States Magistrate Judge." The Consent is written in both English and Spanish. In it, he states that he understands his rights, and that by pleading guilty, he is giving up his trial rights, including the right to maintain a plea of not guilty, the right to remain silent, the right to call witnesses, the right to present evidence, the right to have a jury trial, the right to counsel, the right to cross-examine witnesses who testify against him, and the right not to be forced to testify if he so chooses. He states that he understands, by pleading guilty, that he is giving up these rights, except the right to counsel. He affirms that he is aware that the Court will consult the Sentencing Guidelines, but is not bound by them. Movant states that he realizes that, although he may have received an estimate as to his possible range of punishment, it is only an estimate, and that other factors could increase his sentence. He said that he understands that the Court is not bound by any agreements between the Government and himself.

Movant further states that he is making the guilty plea of his own free will, is not being forced to plead guilty, and has not been promised anything other than what is provided for in the plea agreement. He states that he is pleading guilty because he is guilty, and that he fully understands the charges against him, including the statutory maximum and minimum penalties, as well as terms related to supervised release, special assessment(s) and restitution. Movant understands his appeal rights, and understands that such rights are limited by the plea agreement and waiver provision. He states that he understands that he may not withdraw his guilty plea if his sentence is greater than what he originally believed it would be. He affirms that he fully understands the plea agreement, and that he is satisfied with his legal counsel's representation. He states that he is not under the influence of any substances or medication and that he is fully competent to enter a plea before the Court. He finally affirms that he signed a factual statement and that the facts contained therein are true and

correct.

Additionally, Findings of Facts concerning this case were entered on June 4, 2008. Based on the hearing in which Movant pleaded guilty on May 27, 2008, the Court found that Movant knowingly and voluntarily consented to the administration of the Guilty Plea and Allocution. It further found that Movant was fully competent and capable of entering an informed plea, that he was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was knowingly and voluntarily made, supported by an independent basis in fact containing each of the essential elements of the offense. Movant's conclusory allegation in his motion that his plea was not knowingly or voluntarily made is further contradicted by the consent form and findings of facts.

As shown in detail above, Movant knowingly and voluntarily pleaded guilty – he understood the elements of the crime, the maximum sentencing range, and the rights he was waiving by pleading guilty. He has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James*, 56 F.3d at 666. If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz*, 718 F.2d at 1376-77. Movant does not direct this Court to any evidence from the record, or otherwise, showing that counsel "allowed" him to plead guilty to an illegal sentence. A review of the record shows that his rights were explained to him in Spanish. He claimed to understand the charges, the minimum and maximum penalties, that he was stipulating to a base offense level of 38 for Count One and 32 for Count Two, that his plea of guilty was knowingly and voluntarily made, and he that he was waiving his right to appeal.

Furthermore, Movant's second claim – that his counsel did not protect his rights on appeal

– is also without merit. In order to succeed on a claim of ineffective assistance of counsel, a movant must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981). *See also Rubio v. Estelle*, 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Movant must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* at 697.

Movant has shown no evidence from the record, or otherwise, to support his claim or to show that prejudice resulted from his counsel's alleged errors. The record shows that Movant understood that he was waiving his right to appeal except for under very narrow circumstances. The record shows that counsel objected to the PSR concerning upward adjustments to Movant's base offense level, preserving it for appeal. Counsel filed a notice of appeal, but found no nonfrivolous issues to raise. Additionally, the Fifth Circuit held in its independent review of the record that there were no nonfrivolous issues for appeal. *Ortiz*, 331 Fed. Appx. at 335. Movant has failed to show deficient performance or that there is a reasonable probability that, but for counsel's alleged unprofessional

errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

Because this Court has determined that Movant's plea was voluntary and knowing, his waiver must be enforced. Movant did not assert any other claims that fall within the exceptions listed in his appeal waiver. Therefore, Movant's informed and voluntary waiver of post-conviction relief is effective to bar relief. *Wilkes*, 20 F.3d at 653.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). Although Movant has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

10

claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Movant is not entitled to a certificate of appealability as to his claims.

<u>Recommendation</u>

It is accordingly recommended that Movant's motion for relief under 28 U.S.C. § 2255 be denied and the case dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

11

conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 25th day of April, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE